# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Andrew Smith,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0406** (Berkeley County 15-C-175)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Andrew Smith, by counsel Kevin D. Mills and Shawn R McDermott, appeals the Circuit Court of Berkeley County's April 1, 2016, order denying his petition for writ of habeas corpus. Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Benjamin M. Hiller, filed a response in support of the circuit court's order to which petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his request for habeas relief wherein he alleged (1) that he received ineffective assistance of trial counsel; (2) that his guilty plea was involuntary; (3) that there was an insufficient factual basis for his guilty plea; and (4) that the State failed to disclose exculpatory evidence. Petitioner further alleges that the circuit court erred in failing to hold an omnibus evidentiary hearing below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2010, petitioner entered a *Kennedy* plea to one count of first-degree sexual abuse.[1] He was thereafter sentenced to a term of incarceration of five to twenty-five years followed by ten years of supervised release. However, pursuant to the plea agreement, the sentence was suspended in lieu of five years of supervised probation.

In March of 2012, the Berkeley County Probation Office filed a petition to revoke petitioner's probation, and a hearing was held on April 30, 2012. During the hearing, petitioner

---

[1]*See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987) (permitting the entry of a guilty plea without admitting participation in the crime if a defendant "intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

1

admitted to several probation violations. The circuit court thereafter ordered that petitioner's original sentence be imposed and denied his request to return him to probation after serving a portion of the sentence. This Court affirmed the circuit court's probation revocation by memorandum decision. *See State v. Smith*, No. 12-0953, 2013 WL 2301907 (W.Va. May 24, 2013) (memorandum decision).

In 2014, Petitioner filed a petition for writ of habeas corpus with the circuit court, which he subsequently withdrew. In May of 2015, petitioner filed another petition for writ of habeas corpus relief with the circuit court alleging (1) that he received ineffective assistance of trial counsel; (2) that his guilty plea was involuntary; (3) that there was an insufficient factual basis for his guilty plea; and (4) that the State failed to disclose exculpatory evidence. The circuit court entered an order on March 31, 2016, denying petitioner's petition for writ of habeas corpus without holding an omnibus evidentiary hearing. It is from this order that petitioner appeals.

This Court reviews a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

First, we address petitioner's argument that the circuit court erred in denying his request for an omnibus evidentiary hearing. Specifically, he contends that his petition for writ of habeas corpus "presented probable cause that he may be entitled to some relief had the evidence panned out at the hearing as [he] had predicted it would." West Virginia Code § 53-4A-7(a) provides, in part, that

> [i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought.

Additionally, West Virginia Code §§ 53-4A-1 through 53-4A-11 contemplate the circuit court's exercise of discretion regarding granting or denying habeas relief.

We have held that a circuit court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). In the comprehensive March 31, 2016, order denying petitioner's request for habeas relief, the circuit court cited to this syllabus point, found that the petition demonstrated that petitioner was not entitled to relief, and dismissed his petition. Based on this record, and in light of our holding in *Perdue,* we find no error.

In petitioner's second assignment of error, he contends that he would not have entered a guilty plea but for the "pressure placed on him by his family and trial counsel." Petitioner maintains his innocence but concedes that he pled guilty "nonetheless." He contends that the record on appeal supports his reluctance to enter a guilty plea. According to petitioner, he had "mixed-feelings" about the plea because his "life [was] ruined" as a result of the plea and he pled guilty because he "did not want to go to prison." Having carefully reviewed the circuit court's order, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's request for habeas corpus relief. With regard to petitioner's claim that his plea was involuntary, we find that the circuit court properly concluded, after reviewing the record on appeal, that petitioner did not raise this issue on his direct appeal to this Court. We have previously held that "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syl. Pt. 2, in part, *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972). As such, this claim has been waived. Additionally, the record on appeal also supports the circuit court's conclusion that there was simply no evidence provided that supported petitioner's claim. To the contrary, according to the record, petitioner's testimony at the plea hearing was that "no one made any promises regarding the plea, threatened, forced or pressured him into entering his plea."

In petitioner's third assignment of error, he claims that he was "subjected to ineffective assistance of counsel" because his trial counsel failed to adequately communicate with him during the course of representation, failed to investigate the case, failed to request exculpatory evidence, waived the preliminary hearing, and failed to request discovery. However, we find that the circuit court did not abuse its discretion in concluding that petitioner received effective assistance of counsel, as it specifically found that he failed to meet either prong of the two-prong standard necessary to prove ineffective assistance claims. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (holding that "[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.")

In petitioner's fourth assignment of error, he claims that there was no factual basis for his plea. Petitioner contends that the State failed to provide any factual basis for determining that the "touching" of the victim was intentional or that the "touching" was done for the sexual

gratification of either party, pursuant to West Virginia Code § 61-8B-1(6).[2] The circuit court also did not abuse its discretion in concluding that there was sufficient evidence upon which to accept petitioner's guilty plea as it found that petitioner acknowledged, on the record, "the charge he was pleading guilty to and that his counsel explained to him all of the essential elements thereof." It is clear from the record on appeal that petitioner ultimately pled guilty to the first-degree sexual abuse of the eight year-old victim after a night of consuming alcohol and drugs.

In petitioner's final assignment of error, he claims that the State failed to disclose exculpatory evidence. Petitioner contends that a West Virginia State Trooper threatened him into confessing to the crime and that the State was obligated under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), to disclose this information. Petitioner contends that the trooper shoved him, pounded on the table, screamed and cursed at him, and threatened "to put him in prison for the rest of his life." According to petitioner, the trooper's alleged behavior made his confession inadmissible.

We note that petitioner does not clearly indicate to whom the information regarding his confession should have been disclosed. Petitioner was present for his own confession and, therefore, the State was not required to disclose that evidence to him. As such, the circuit court did not abuse its discretion in concluding that the State did not fail to disclose exculpatory evidence as it found that petitioner "voluntarily opted to take the State's plea offer and its recommendation of probation." According to the circuit court, "once he entered his knowing and voluntary guilty plea, [he] waived any claim to challenge the evidence against him." The circuit court's conclusion on this issue is supported by our previous holding that "[a] knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects." *State v. Proctor*, 227 W.Va. 352, 364, 702 S.E2d 549, 561 (2011).

For the foregoing reasons, we affirm the circuit court's April 1, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** May 22, 2017

---

[2]West Virginia Code § 61-8B-1(6) provides that

[s]exual contact means any intentional touching, either directly or through clothing, of the breasts, buttocks, anus or any part of the sex organs of another person, or intentional touching of any part of another person's body by the actor's sex organs, where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party.

4

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker